UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BETTY SPIGHT, )
)
    Plaintiff, )
) No.: 1:22-CV-141-KAC-CHS
v. )
)
BRIAN REUHLAND, )
)
    Defendant. )

# ORDER

    This matter is before the Court on the Parties' "Joint Motion for Partial Reconsideration" [Doc. 90]. On September 17, 2024, the Court overruled Plaintiff Betty Spight's objections to Chief United States Magistrate Judge Christopher H. Steger's March 4 Order [*See* Doc. 89]. The Court directed the Parties to participate in a "Mediation" under Local Rule 16.4(b) and "engage in the Mediation in good faith" [*Id.* at 9]. On October 7, the Parties filed the instant motion under Federal Rule of Civil Procedure 54(b), requesting the Court "excuse them from the obligation to mediate" and "set a pretrial conference and dates for the trial of this action" [Doc. 90 at 2]. The Parties indicated that "neither of them believes that mediation has a reasonable probability of success" and would only "add time and expense to an already longstanding and expensive case" [*Id.* at 3, 5]. For the foregoing reasons, the Court grants the Parties' Motion in part.

    Rule 54(b) provides in pertinent part that the Court may modify "any order or other decision" "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" "at any time before the entry of a judgment." *See* Fed. R. Civ. P. 54(b). Rule 54(b) "allows district courts to reconsider interlocutory orders and to reopen any part of a case before

the entry of a final judgment." *See Adkisson v. Jacobs Eng. Grp., Inc.*, 36 F.4th 686, 694 (6th Cir. 2022) (citation omitted). "Reconsideration is usually justified when there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice." *McCormack v. City of Westland*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. April 15, 2019) (citation omitted). Where, as here, the Parties recognize that none of the usual justifications for reconsideration are present, the Court nevertheless possesses "inherent power" to reconsider its prior interlocutory orders "before entry of a final judgment." *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citation omitted).

Here, the Court grants the Parties' Motion in part to remove some of the expenses associated with Mediation. Mediation through a private mediator can be expensive. However, the Court maintains that alternate dispute resolution, approached in good faith, may still be fruitful in reaching a settlement of this action or at least narrowing the issues for trial. For that reason, the Court modifies its September 17 Order to permit the Parties to either (1) participate in Mediation as the Court originally ordered by **November 19, 2024** or (2) participate in a judicially hosted settlement conference before Judge Steger by **November 19, 2024**. Accordingly, the Court **GRANTS** in **PART** the Parties "Joint Motion for Partial Reconsideration" [Doc. 90]. The Parties **MUST** either (1) participate in Mediation as the Court originally ordered but by November 19, 2024 or (2) participate in a judicially-hosted settlement conference before Chief United States Magistrate Judge Christopher H. Steger by November 19, 2024. By **November 19, 2024**, the Parties **SHALL** file a joint status report detailing the results of their efforts and their proposed schedule for the remainder of this action.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3

Case 1:22-cv-00141-KAC-CHS   Document 91   Filed 10/15/24   Page 3 of 3   PageID #: 1657